UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERARDO GARCIA, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | 2:14-CV-71 | |
| § | | |
| STRIKE, LLC, § | | |
|     Defendant. § | | |

## MEMORANDUM OPINION AND ORDER TO COMPEL ARBITRATION AND ORDER DENYING STRIKE'S MOTION TO STAY PROCEEDINGS

Before the Court is Defendant Strike LLC's motion to dismiss (D.E. 8) pursuant to Rule 12(b)(1) and 12(b)(3) in which Strike asks the Court to order the parties to proceed in accord with the Mediation and Arbitration Agreement between the parties. The Court ORDERS the parties to proceed to Mediation and Arbitration pursuant to the Agreement.

### I. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331. This case is a Fair Labor Standards Act (FLSA) case brought pursuant to federal statute.

### II. FACTUAL BACKGROUND

Gerardo Garcia filed suit individually and collectively in March 2014. D.E. 1. Harold Banks filed his consent to be a party plaintiff in this action. D.E. 5-1.

Garcia claims that he is paid on an hourly basis by his employer Strike, but is also paid a per diem. Strike provides turnkey services to the energy industry within the Southern District of Texas and elsewhere. Garcia claims that Strike did not take into account his per diem when calculating his overtime rate and has consistently underpaid

1

him and others similarly situated. Id. Garcia claims that Strike's computation of overtime pay violated 29 U.S.C. § 207(e)(2).

Strike responded to Garcia's Original Complaint by filing its motion to dismiss, a memorandum of law in support, and its answer. D.E. 7, 8, 9. Plaintiff opposed the motion. D.E. 17. Strike filed a reply. D.E. 20.

The parties appeared for their initial pretrial conference and a scheduling order was signed. Garcia has moved to certify the class. D.E. 21. Strike's response is not yet due. Strike filed a motion to stay these proceedings until the Court ruled on its motion to dismiss. D.E. 24.

### III. MOTION TO DISMISS

The motion to dismiss references a Mediation and Arbitration Agreement (Agreement) that Garcia and others signed on during their employment with Strike. The agreement states in part,

> In consideration of, and as a material condition of, employment and continuation of employment with Strike LLC, I, Gerardo Garcia, agree to submit for resolution any dispute, controversy, claim, conflict or cause of action arising out of my employment status with Strike, LLC first to mediation as set forth below and, if mediation is unsuccessful, then to resolution by binding arbitration by one arbiter as governed by appropriate State or Federal statutes. I further agree that mediation and arbitration shall serve as the exclusive mean for resolution of any dispute, controversy, claim conflict or cause or action. Additionally, I agree to meet in person and conduct a formal mediation with a mediator selected by Strike, LLC and, in good faith, conduct such formal mediation as required to resolve the dispute, controversy, claim, conflict or cause of action pursuant to guidelines and rules set forth by the mediator. Judgment upon the award rendered may be entered in any court having jurisdiction. I understand that I have a right to litigate disputes in court, but that I prefer to resolve the dispute through arbitration. **I voluntarily and knowingly waive any right**

> **I have to a jury trial, either pursuant to arbitration under this clause, or pursuant to any court or other action**. I agree that the arbitrator shall have all powers provided by law and that the arbitrator shall be selected by Strike, LLC from a group of three (3) arbitrator candidates which I shall recommend with the consent of Strike, LLC. I agree and understand that all disputes arising under case law, statutory law and all other laws will be subject to binding arbitration. I agree and understand that shall I fail to submit any dispute, controversy, claim, conflict or cause of action to mediation and arbitration as set forth herein, that Strike, LLC may institute legal and equitable remedies to enforce the terms of this agreement. I understand this agreement does not alter the "at will" relationship, or the terms and conditions of my employment.

D.E. 8-1 (emphasis in original document). Garcia e-signed the Agreement on February 6, 2013. Harold Banks e-signed an identical agreement on May 17, 2012. <u>Id.</u> Strike seeks to enforce the Agreement. Under the FAA, a party to an arbitration agreement may petition a United States district court for an order directing that "arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

Garcia claims that the agreement is not enforceable, lacks mutuality, and is procedurally and substantively unconscionable. Garcia further complains that the agreement is silent on much of the procedure to be followed, including responsibility for costs, potential arbitrators, the nature of the disputes covered, applicable procedural rules, and "every other employee right or procedure—except that Strike gets to solely decide the mediator or arbitrator." D.E. 17, p. 7.

The parties agree that FLSA claims may be subject to arbitration. <u>Carter v. Countrywide Credit Indus., Inc.</u>, 362 F.3d 294, 298 (5th Cir. 2004). Both parties agree that this dispute is governed by the Federal Arbitration Act. D.E. 9, p. 4-5; D.E. 17, p. 8-9.

To determine whether to compel a party to arbitrate, the Court must first determine whether the parties agreed to arbitrate and then whether a federal statute or policy renders the claims arbitrable. Will-Drill Res., Inc., 352 F.3d 211, 214 (5th Cir. 2003). The first issue includes the determination as to the validity of the agreement to arbitrate and then whether the dispute falls within the scope of the agreement. Id. To determine whether an agreement to arbitrate exists, the Court applies ordinary contract principles. Id.

First, Garcia claims that Strike has not established that he signed the agreement. Strike produced the affidavit of Jocelyn Durfield, the Human Resources Director at Strike who swore that she is familiar with the personnel records of Strike employees and that the Mediation and Arbitration Agreement (Agreement) was pulled from Garcia's and from Banks' personnel files. D.E. 9-1. No affidavit from Garcia or Banks denies that they e-signed the Agreement. The Court finds that Garcia and Banks signed the Agreement.

Next Garcia claims that the Agreement is ambiguous and because the actual terms are so vague, the true intent of the parties cannot be determined. D.E. 17, pp. 11-12. A contract is ambiguous "if its plain language is amenable to more than one reasonable interpretation." Nautilus Ins. Co. v. Country Oaks Apts. Ltd., 566 F.3d 452, 455 (5th Cir. 2009) (applying Texas law). If a contract is unambiguous, the Court must apply its plain meaning and enforce it as written. Texas v. Am. Tobacco Co., 463 F.3d 399, 407 (5th Cir. 2006) (applying Texas law). Garcia

claims it is the absence of contract terms that cause the ambiguity of the Agreement.

In Green Tree Financial Corp-Alabama v. Randolph, 531 U.S. 79, 91 (2000), the Court refused to find an arbitration agreement unenforceable because of its silence on the issue of fees to the claimant. Indeed it found the whole argument regarding potential fees too speculative to justify the invalidation of the agreement. Id. Garcia contends that the silence of the Agreement on issues like discovery, class and collective treatment, rules of procedure, and costs prevent the enforceability of the Agreement. Strike acknowledges the silence of the Agreement on these matters. As to the issue of collective action, Strike claims that nothing in the Agreement prevents Garcia from proceeding in a collective action within the Arbitration. The Court does not find that the Agreement's silence renders the Agreement to mediate and then, if unsuccessful, to arbitrate too ambiguous to enforce.

Next Plaintiff claims that the putative class members are unknown and it is unknown whether any or all of them have signed arbitration agreements. Plaintiff also argues that notice should be given to the putative plaintiffs before any determination is made regarding arbitration. Before this Court are two employees of Strike. Both signed the Agreement. Nothing prevents, according to Strike, Plaintiff from seeking to notify potential plaintiffs in a different forum—mediation

or arbitration. The Court overrules Garcia's objection to arbitration on the grounds that notice should be given first.

Plaintiff claims the Agreement is substantively and procedurally unconscionable. It is procedurally unconscionable Garcia claims because it is incomprehensible. The Court does not find the agreement to be incomprehensible.

Garcia claims it is substantively unconscionable because it is one-sided—Strike chooses the mediator and arbitrator. The Agreement does provide that Strike choose the mediator. But if mediation is unsuccessful, Garcia, with Strike's consent, chooses three potential arbitrators and Strike then selects an arbitrator chosen by Garcia. The cases cited by Garcia describe situations different from that before the Court. For the arbitration, Garcia gets to choose three arbitrators, although Strike may veto some prospects, but no potential arbitrator gets into the pool from which the final arbitrator is chosen unless Garcia first chooses him or her. Such an agreement is not so one-sided as to be unenforceable. See Harris v. Green Tree Acceptance Fin. Corp., 183 F.3d 173, 183 (3d Cir. 1999). Additionally the FAA provides an escape hatch when the parties cannot agree on an arbitrator. 9 U.S.C. § 5. The parties may apply to the Court to appoint an arbitrator in that instance. The Court overrules Garcia's objections that the Agreement is substantively and procedurally unconscionable.

Plaintiff Garcia complains that the Agreement lacks mutuality because Strike retains its ability "to institute legal and equitable remedies . . . ." What

Plaintiff Garcia omits from that sentence is that Strike retains those remedies to enforce the Agreement if Garcia fails to agree to mediate/arbitrate. Plaintiff objects to Strike's letter in which it seeks to enforce the agreement and states it will seek damages and attorney's fees if Garcia refuses to mediate/arbitrate pursuant to the Agreement. Plaintiff claims that Strike's "threat" violates FLSA. Plaintiff Garcia seems to claim that Strike's efforts to enforce the Agreement make the Agreement unenforceable. Plaintiff's objection is overruled.

Plaintiff Garcia complains that Strike has indicated its intent that the participating plaintiffs should share in the costs of mediation/arbitration. The Supreme Court has already spoken on that issue. Such a claim does not invalidate an agreement to arbitrate. Green Tree Financial Corp-Alabama v. Randolph, 531 U.S. at 91. Plaintiff's objection is overruled at this time on the grounds it is too speculative to cause the Court to prevent arbitration.

Plaintiff requests the Court sever the cost and one-sided arbitrator selection clauses from the Agreement. The Court denies that request. Plaintiff also asks the Court to send the parties to arbitration though the American Arbitration Association if the Court enforces the Agreement. The Court declines to do so. If the parties do not resolve their issues at mediation, and the parties cannot agree to an arbitrator, they may apply to the Court for relief.

Plaintiff does not argue that the FLSA claims are not within the scope of the Agreement. The Court finds that they are and no statutory impediment exists to arbitration of FLSA claims. See Carter, 362 F.3d at 298.

## IV.    CONCLUSION

The Court ORDERS the parties to comply with the terms of the Agreement pursuant to the FAA, 9 U.S.C. § 5. The Court DENIES Strike's motion to dismiss (D.E. 8) because such a motion is not authorized by the FAA. See id.

The Court DENIES Strike's motion to stay proceedings (D.E. 24) in light of the Court's Order to mediation/arbitration. The Clerk is instructed to administratively close this action until such time that the parties need intervention by this Court.

ORDERED this 17th day of July 2014.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE